UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

|  |  |
|---|---|
| ABRAHAM PHILIP, M.D. <br> Plaintiff, <br><br> v. <br><br> JOHN CRONIN, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL CLAIM

The defendant JOHN CRONIN responds to the Complaint for Relief of Plaintiff ABRAHAM PHILIP by correspondingly numbered paragraphs as follows:

### JURISDICTION

1. The Plaintiff is stating legal conclusions for which no answer is required.

2. The Plaintiff is stating legal conclusions for which no answer is required.

### PARTIES

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. Admitted.

5. Admitted.

### GENERAL ALLEGATIONS

6. Admitted.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. Admitted.

9. The Defendant admits discussing with the Plaintiff budgetary or funding constraints that precluded the immediate implementation of some practices at the Office of the Chief Medical Examiner. The Defendant denies that the Plaintiff ever pointed out any violations of state regulations or state laws.

10. Denied.

11. The Defendant admits that the Plaintiff made observations regarding investigating nursing home patient deaths, but denies any violations or creation of any dangers.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Defendant states that he discussed with the Plaintiff the financial and temporal requirements that had to be met regarding any suggestions. The remaining allegations are denied.

17. Denied. And, again answering, the Plaintiff never told the Defendant that he believed there were any violations of any state law or regulation.

18. The Defendant answers that, for the most part, it was his impression that he and the Plaintiff had a good relationship. However, the Defendant did note a less than positive change in the Plaintiff's demeanor after the Plaintiff produced a blood spattered death

certificate.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Admitted that after the Plaintiff forgot to sign a death certificate, a funeral home representative was kind enough to hand deliver it to the Plaintiff for his signature. The Plaintiff returned a blood-spattered death certificate, which created a biological hazard and, thus, could not be released.

21. Admitted.

22. Admitted.

23. The Defendant denies that there was any communication with the Plaintiff.

24. Admitted that the Plaintiff signed the death certificate. It is denied that there was a demand to do so.

25. Admitted.

26. The Defendant admits that the Plaintiff disputes that he played a role in getting blood on the death certificate.

## COUNT 1: FIRST AMENDMENT

27. The Defendant repeats and realleges his responses to the allegations contained in paragraphs one through twenty-six, as though fully set forth herein.

28. Denied.

29. Denied.

30. The Defendant admits that the Plaintiff wrote a letter to Governor Romney. And, further answering, the Defendant states that the letter speaks for itself.

31. Admitted.

32. The Defendant admits that the Plaintiff wrote such a memo, but, as answered above, the Defendant denies these allegations.

33. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. Admitted that this memo exists. And, further answering, that the memo speaks for itself.

36. The Defendant does not understand the allegations contained in this paragraph, and thus, they are denied.

37. Denied.

38. Admitted.

39. Admitted.

40. Denied.

41. Denied.

42. The Plaintiff is stating legal conclusions for which no answer is required. If an answer is required than the Defendant states that he is without information or knowledge sufficient to form a belief as to the truth of these allegations.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

COUNT II:   INTENTIONAL INTERFERENCE WITH
CONTRACTUAL RELATIONS UNDER STATE LAW

47. The Defendant repeats and realleges his responses to the allegations contained in paragraphs one through forty-six, as though fully set forth herein.

48. Admitted that the Plaintiff had a contract with the Commonwealth.  And, further answering, the Defendant states that the term "binding" appears to reflect a legal conclusion, and, as such, no answer is required.  If an answer is required in response to the term "binding" the Defendant will have to deny it.

49. Admitted.

50. Admitted.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. The Defendant repeats and realleges his responses to the allegations contained in paragraphs one through fifty-five, as though fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## DEMAND FOR TRIAL BY JURY

The Defendant demands that all claims triable to a jury be so tried.

## AFFIRMATIVE DEFENSES

Further answering, the Defendant asserts the following defenses:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Defendant's actions were, at all times, reasonable and did not constitute a violation of the Plaintiff's First Amendment rights. If a First Amendment violation did occur, the Defendant is entitled to qualified immunity.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction.

## FOURTH DEFENSE

The Defendant sought the advice of the General Counsel for the Office of the Chief Medical Examiner regarding the Plaintiff's actions and the proper course to take in response to those actions. As such, the Defendant is entitled to the Advice of Counsel Defense to Count II, which alleges intentional interference with contractual relations.

## FIFTH DEFENSE

The Defendant had justification for his decisions in response to the Plaintiff's

unacceptable actions.

## SIXTH DEFENSE

The matters complained of by the Plaintiff are not those of a public concern, and thus, he cannot prove this requisite element.

## SEVENTH DEFENSE

The Defendant's actions were in accordance with the terms of the contract.

Respectfully Submitted,
COMMONWEALTH OF MASSACHUSETTS

By its Attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL


s/ Mary O'Neil
Mary O'Neil, BBO #379430
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108-1598
(617) 727-2200


August 17, 2004

## CERTIFICATE OF SERVICE

      I, Mary O'Neil, hereby certify that I have this date, August 17, 2004, served the foregoing **Notice Of Appearance** and **Certificate Of Service** upon the attorney, Elaine Whitfield Sharp and Daniel S. Sharp, by mailing a copy first class, postage prepaid mail to:

Elaine Whitfield Sharp, Esquire
Daniel S. Sharp, Esquire
WHITFIELD, SHARP & SHARP
196 Atlantic Avenu
Marblehead, MA 01945

                                                   s/ Mary O'Neil
                                                   Mary O'Neil, Assistant Attorney General
                                                   Government Bureau/Trial Division