UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

_____
                                        )
ABRAHAM PHILIP, MD             )
                                        )
    Plaintiff,                   )
                                        )
vs.                                         )
                                        )
JOHN CRONIN, in his personal   )
capacity.                             )
                                        )
    Defendant.                )
_____)

PLAINTIFF-ABRAHAM PHILIP'S
INITIAL DISCOVERY DISCLOSURES

Pursuant to this court's discover order dated 9/17/04, the plaintiff makes the following, initial disclosures.

1. F.R.Civ.P. 26.2(A):

A. Witnesses:

    i.    All witnesses named by the defendant

    ii.   Peter Burke. OCME. Further address or phone unknown.
          Testimony expected to include procedures at the OCME, with particular emphasis upon those topics related in the plaintiff's complaint, paragraphs 10 through 16 and 32 through 35.

    iii.  Melissa Christie.
          To testify concerning procedures at the OCME, the plaintiff's competence
               and professionalism, and the history of retaliatory firings at the OCME.

    iv.    Timothy Manning
    To testify concerning procedures at the OCME, the plaintiff's competence
        and professionalism, and the history of retaliatory firings at the OCME.

    v.    Joseph Bryson
    To testify concerning procedures at the OCME, the plaintiff's competence
        and professionalism, and the history of retaliatory firings at the OCME.

    vi.    Alexander Chirkov
    To testify concerning procedures at the OCME, the plaintiff's competence
        and professionalism, and the history of retaliatory firings at the OCME.

    vii.    Gerald Feigen, MD.  OCME.
    Testimony expected to include procedures at the OCME, with particular emphasis
    upon those topics related in the plaintiff's complaint, paragraphs 10 through 16 and
    32 through 35.

    viii.    Stanton Kessler
    To testify concerning procedures at the OCME, the plaintiff's competence
        and professionalism, and the history of retaliatory firings at the OCME.
Testimony    also expected to include those topics related in the plaintiff's complaint,
paragraphs    10 through 16 and 32 through 35.

    ix.    Mildred Anglin
    To testify about general procedures at the OCME.


B. Documents and Tangible Things

    i.    Abraham Philip employment contracts

    ii.    Abraham Philip educational history

    iii.    Abraham Philip board certifications

    iv.    Abraham Philip letters of recommendation

    v.    Letters written to Governor Mitt Romney and letters/memos to OCME which
    precipitated the retaliatory termination of the plaintiff.

    vi.    Photographs from OCME depicting some of the deplorable conditions about which Dr. Philip made suggestions for improvements

    vii.    Abraham Philip income records.

    viii.    Various regulations, statutes and safety standards, the violation of which motivated Dr. Philip to make suggestions for changes and improvements at the OCME.

C. Compilation of Damages

    i.    Abraham Philip calculates that he lost $58,500 in contract payments.

    ii.    Incidental expenses associated with looking for other employment.

D. No Insurance for Plaintiff.

2. F.R.Civ.P. 26.2(A)(2)

    (A)    Stanton Kessler might be regarded an expert witness.

    (B)    The plaintiff possesses nothing responsive at this time.

3. LR 26.1(B): Sworn Statement

Plaintiff-Abraham Philip, MD swears that:

    (a)    the compilation of damages specified above (approximately $58,500) is true and accurate to the best of my knowledge at this time.

    (b)    witnesses to the transactions giving rise to my Complaint include John Cronin. I also believe, but cannot yet prove, that Dr. Richard Evans (Chief Medical Examiner), Edward Flynn (Director of Public Health and Safety), and Attorney Jacqueline Faherty (Chief Counsel for OCME) had previous knowledge of my termination and participated in my retaliatory termination from employment with the OCME.

    (c)    No statements have been obtained, with the possible exception of letters exchanged between the defendant and myself and my attorney and counsel for the OCME.

 (d) I do not currently know who has investigated my retaliatory termination. I can only assume that some investigation has taken place at the OCME and within the Office of the Attorney General for the Commonwealth.

   This portion signed under the pains and penalties of perjury.

   October 26, 2004    /s/ Abraham Philip, MD
                Abraham Philip, MD

3. Persons to be Deposed.

 i. The defendant

 ii. Dr. Richard Evans, MD

 iii. Jacqueline Faherty (possible)

 iv. Edward Flynn (possible)

 v. Deidre Ward

 vi. Kathleen Taylor

 vii. It is difficult for the plaintiff to identify all deponents at this time due to his relative lack of information about the procedures underlying his termination. This list may have to be supplemented during the process of discovery.

        Respectfully Submitted,

        /s/ Daniel S. Sharp
        _____
        WHITFIELD SHARP & SHARP
        Daniel S. Sharp
        Attorney for Plaintiff
        196 Atlantic Avenue
        Marblehead, MA  01945
        781-639-1862

Certificate of Service

Daniel S. Sharp certifies that a copy of the document above was served by U.S. Mail, first class, with postage affixed, and by fax, on counsel for all opposing parties on Tuesday, October 26, 2004.

/s/ Daniel S. Sharp
_____
Daniel S. Sharp