UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABRAHAM PHILIP, M.D.<br>Plaintiff,<br><br>v.<br><br>JOHN CRONIN,<br>Defendant. | )<br>)<br>)<br>)  04cv11069<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF REASONS IN SUPPORT OF MOTION OF DEFENDANT JOHN CRONIN TO STAY PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes the Defendant John Cronin and moves to stay the motion styled as Plaintiff's Motion for Partial Summary Judgment, filed with this Court on June 9, 2005; and further moves that the time for filing any response to Plaintiff's motion and supporting documents be extended until August 19, 2005.

In support of this motion, Defendant states as follows:

1. This action has been brought by Plaintiff against John Cronin, the Chief Administrative Officer of the Massachusetts Office of the Chief Medical Examiner ("OCME") pursuant to 42 U.S.C. sections 1983, 1988, and the First and Fourteenth Amendments. Plaintiff claims, inter alia, that his contract for employment with the OCME was terminated in retaliation for Plaintiff's exercise of his First Amendment right to petition the Governor and other state officials. Plaintiff also makes claim for Intentional Interference with Contractual Relations and for Intentional Infliction of Emotional Distress.

2.  Plaintiff is also pursuing a separate claim filed in state court, <u>Abraham Philip, MD v. Dr. Richard Evans, MD, in his official and personal capacity, Edward Flynn, in his personal and official capacity, and the Commonwealth of Massachusetts,</u> Commonwealth of Massachusetts, Suffolk Superior Court, Civil Action No. 2004-02264. In that case Plaintiff has asserted claims arising out of the same facts, but against Dr. Evans, who had been the Acting Chief Medical Examiner for the Commonwealth; Edward Flynn, the Secretary of the Executive Office of Public Safety; and the Commonwealth. The claims in that case are brought pursuant to the First Amendment and 42 U.S.C. 1983; for Retaliation in Violation of M.G.L. c. 149 section 185; for Breach of Contract; and for Intentional Infliction of Emotional Distress.

3.  Plaintiff maintains that the only issue raised by his Motion for Partial Summary Judgment is a narrow legal determination of whether the words contained in two letters to the Governor of the Commonwealth constituted "matters of public concern;" and argues that that determination may be made in a vacuum, separate and apart from the factual background of the case. In fact that is but one prong of the multi-pronged test to determine whether Plaintiff has alleged a constitutional violation. See <u>Mihos v. Swift, et als,</u>    F.3d    (2004). Therefore, the resolution of this prong of the analysis, even if favorable to the Plaintiff, is not dispositive on whether Plaintiff has met his burden of proving that the termination of his contract was in retaliation for his alleged speech.

4.  Defendant further submits that any determination as to "matters of public concern" must also take into account the factual context in which the words were utilized. "Whether an employee's speech addresses a matter of public concern must be determined by the content,

form, and context of a given statement, as revealed by the whole record." Connick v. Myers, 461 U.S. 138, 147-148 (1983).

5.  Here, the speech which Plaintiff alleges to be protected is contained in two letters to the Governor of the Commonwealth. The first, dated March 1, 2004, is entitled "Re: Problems at the Office of Chief Medical Examiner (Plaintiff's Exhibit 2); the second, also dated March 1, 2004, is entitled "Re: Organ Procurement: Procedures of Concern" (Plaintiff's Exhibit 4). Defendant submits that both letters written by the Plaintiff contain factually inaccurate information, which requires more discovery and a more fully developed record to permit the Defendant a fair opportunity to oppose Plaintiff's allegations. False statements may not constitute speech which is afforded First Amendment protection. See Wulf v. City of Wichita, 883 F.2d 842, 858, citing Pickering v.Bd. of Ed., 391 U.S. 563 at 574 (1968); see also, Moore v. City of Wynnewood, 57 F.3d 924, 932 (1995). The issue of the truth or falsity of the statements at issue is relevant, not only to the ultimate balancing required under Pickering, supra, but also to the threshold analysis of whether the matter is "of public concern" Wulf, supra, at 858, FN. 24.

6.  At the present time both this case and the companion case in state court have discovery deadlines of July 29, 2005; and discovery is ongoing in both cases. The deposition of the Defendant John Cronin is currently scheduled to take place on June 22, and Defendant is in the process of responding to an extensive Subpoena Duces Tecum. At the same time the parties have been communicating to arrive at mutually agreeable dates for the depositions of Dr. Evans and of the Plaintiff. Further, Plaintiff has not yet responded to Defendant's Request for the Production of Documents filed in the state court case, which Response was due on June 3.

7.     Where there are factual considerations which go to the question of whether certain of Plaintiff's statements should be determined "matters of public concern," and where discovery is currently proceeding, Defendant submits that consideration of Plaintiff's Motion for Partial Summary Judgment should be stayed until discovery has been completed and until Defendant is afforded the opportunity to fully respond to that motion on a developed record.

8.     Additionally, at the close of discovery, Defendant may cross-move for summary judgment and raise issues of qualified immunity. It is in the interest of judicial economy that all such legal issues be addressed at that time.

WHEREFORE Defendant respectfully requests that this Court stay the motion styled as Plaintiff's Motion for Partial Summary Judgment, filed with this Court on June 9, 2005; and further requests that this Court order that the time for filing any response to Plaintiff's motion and supporting documents be extended until August 19, 2005.

> Respectfully Submitted,
> COMMONWEALTH OF MASSACHUSETTS
>
> By its Attorneys,
>
> THOMAS F. REILLY
> ATTORNEY GENERAL
>
> _____
> Jean M. Kelley, BBO #265540
> Assistant Attorney General
> Government Bureau/Trial Division
> One Ashburton Place, Room 1813
> Boston, MA 02108-1598
> (617) 727-2200 ext. 3327
> jean.kelley@ago.state.ma.us

June 14, 2005

## CERTIFICATE OF SERVICE

I, Jean M. Kelley, hereby certify that I have this date, June 14, 2005, served the foregoing **Motion to Stay Plaintiff's Motion for Partial Summary Judgment; Memorandum of Reasons; Certification Pursuant to Local Rule 7.1; and Certificate Of Service** upon counsel of record by Facsimile and by mailing a copy first class, postage prepaid mail to:

Elaine Whitfield Sharp, Esquire
Daniel S. Sharp, Esquire
WHITFIELD, SHARP & SHARP
196 Atlantic Avenue
Marblehead, MA 01945

Jean M. Kelley, Assistant Attorney General
Government Bureau/Trial Division