UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

| | |
|---|---|
| ABRAHAM PHILIP, MD | ) |
| Plaintiff, | ) |
| vs. | ) |
| JOHN CRONIN, in his personal capacity. | ) |
| Defendant. | ) |

OPPOSITION TO DEFENDANT'S
MOTION TO STAY DECISION ON PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUE OF
"SPEECH OF PUBLIC CONCERN"

The defendant has moved to stay the court's decision on whether the speech in which the plaintiff engaged was speech on matters of public concern. The motion for a stay should be denied and the motion for partial summary judgment decided as soon as possible for the reasons that follow:

1. Deciding the plaintiff's motion **could** bring an end to the litigation, thereby saving the parties and the court wasted money and effort.

2. Resolving the very narrow question of speech of public concern will sharpen the issues for remaining discovery and trial preparation.

1

3. The defendant has mischaracterized the nature of the plaintiff's motion and has mischaracterized the thrust of the "authority" supporting his position as well.  The defendant cites a Tenth Circuit opinion from <u>Wulf v. City of Witchita</u> as holding that "false statements may not constitute speech which is afforded First Amendment protection." (Brief, at para. 5.)  Actually, the <u>Wulf</u> decision includes the holding that, "It is difficult to see how a *maliciously or recklessly false* statement could be viewed as addressing a matter of public concern." <u>Wulf v. City of Wichita</u>, 883 F.2d 842, 858 (10th Cir., 1989) (Emphasis added.)  Notably absent from the motion for a stay – and from the answer to the complaint as well – is any claim by the defendant that the plaintiff's statements were "maliciously or recklessly false."

4. The defendant also cites another Tenth Circuit decision, <u>Moore v. City of Wyonewood</u>.  But if one were to actually *read* that case, one would find that it supports the plaintiff's position, not the defendant's motion for a stay.  The Tenth Circuit held in that case that, "Defendants' claim that Moore's accusations were false *does not alter our conclusion that his speech was of public concern.  We may assume that deliberately or recklessly false statements by public employees are either unprotected by the First Amendment or, at least, that such intentional falsity would weigh heavily against protection." <u>Moore v. City of Wynnewood</u>, 57 F.3d 924, 932-933 (10th Cir., 1995). (Emphasis added.)

Again, there is notably absent from the defendant's brief any claim of malicious or reckless falsehood.

5. Whatever the law of the Tenth Circuit may be, the law of the First Circuit is that:

> Where a public employee speaks out on a topic which is clearly a legitimate matter of inherent concern to the electorate, the court may eschew further inquiry into the employee's motives as revealed by the "form and context" of the

expression.

> Bates v. MacKay, 321 F. Supp. 2d 173, 179-180 (D. Mass. 2004), quoting O'Connor v. Steeves, 994 F.2d 905, 913-914 (1st Cir. 1993). (Internal quotations omitted.)

Under First Circuit law, whether the plaintiff's speech was on a "matter of public concern" is ripe for decision at this time.

6. Citing no authority whatsoever, the defendant says the motion for partial summary judgment should not be decided because there is discovery outstanding. First, this is ridiculous since summary judgment is often decided with discovery outstanding. Second, the "outstanding" discovery complained of by the defendant has already been mailed to the defendant.

7. The defendant says the motion should not be decided because the defendant *might* enjoy qualified immunity. There is no authority cited for this proposition.

The idea that a public employer might have qualified immunity for firing a public employee in retaliation for speech is a red herring in any event. The Supreme Court and the First Circuit have held public employers liable for retaliatory firings in such a wide variety of contexts, from teachers to police officers to garbage collectors, that no reasonable, high-level public employer (Cronin has been a high-level public administrator) could have an objectively reasonable belief that such a firing would be constitutionally acceptable.

8. The defendant's motion is a motion for three things:

delay, delay, and delay. It should be denied.

                                Respectfully Submitted,

                                /s/ Daniel S. Sharp

                                _____

                                Daniel S. Sharp
                                Elaine Whitfield Sharp
                                Attorneys for Plaintiff
                                (BBO 565524)
                                196 Atlantic Avenue
                                Marblehead, MA  01945
                                781-639-1862

Certificate of Service

Daniel S. Sharp certifies that a copy of the document above was served by U.S. Mail, first class, with postage affixed, on counsel for all opposing parties on Friday, June 17, 2005 to:

Attorney Jean M. Kelly
Assistant Attorney General
One Ashburton Place
Boston, MA  02108-1598                    /s/ Daniel S. Sharp
                                                          _____