UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

ABRAHAM PHILIP, M.D. )
    Plaintiff, )
 )
v. )
 )
JOHN CRONIN, )
    Defendant. )

**OPPOSITION OF DEFENDANT JOHN CRONIN TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes the Defendant John Cronin and hereby opposes the motion styled as Plaintiff's Motion for Partial Summary Judgment, filed with this Court on June 9, 2005.

In support of this Opposition, Defendant states as follows:

1. Plaintiff maintains that the only issue raised by his Motion for Partial Summary Judgment is a narrow legal determination of whether the words contained in two letters to the Governor of the Commonwealth constituted "matters of public concern;" and argues that that determination may be made in a vacuum, separate and apart from the factual background of the case. In fact that is but one prong of the multi-pronged test to determine whether Plaintiff has alleged a constitutional violation. See Mihos v. Swift, et als,   F.3d   (2004).

A three part test determines whether a person's First Amendment rights have been

violated: (1) whether the speech involves a matter of public concern; (2) whether the First Amendment interests of the plaintiff and the public outweigh the government's interest in functioning efficiently; and (3) whether the protected speech was a substantial or motivating factor in the adverse action against the plaintiff. Mihos v. Swift, 358 F.3d 91, 102 (1st. Cir 2004)(Internal quotations omitted). The plaintiff's motion prematurely seeks to determine the first prong of this test without addressing the remaining factors. Courts address the first amendment test in its entirety, allowing analysis to flow from one prong of the test to the next. See e.g. Mihos, 358 F. 3d at 102, Mullin v. Town of Fairhaven, 284 F.3d 31, 38 (1st Cir. 2002); O'Connor v. Steeves, 994 F.2d 905, 912 (1993). If the speech is found to be a matter of public concern, this public concern must be balanced against the interests of the government. Pickering v. Board of Educ., 391 U.S. 563, 568 (1968). The balance of interests will often involve the same factors as the determination of public concern, therefore, it would be in the best interests of the court and the parties involved to address each prong of the test at once, instead of hastily determining the prongs separately. In addition, it is significant that the resolution of this prong of the analysis, even if favorable to the Plaintiff, is not dispositive of whether Plaintiff has met his burden of proving that the termination of his contract was in retaliation for his alleged speech.

2.  Any determination as to "matters of public concern" must also take into account the factual context in which the words were utilized. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Connick v. Myers, 461 U.S. 138, 147-148 (1983).

3.  The determination of whether speech is a matter of public concern may also require an

inquiry into the employee's motivation for the speech. Mullin v. Town of Fairhaven, 284 F.3d 31, 38 (1st Cir. 2002), citing Alinovi v. Worcester Sch. Comm., 777 F.2d 776, 787 (1st Cir. 1985.)

4.      Here, the speech which Plaintiff alleges to be protected is contained in two letters to the Governor of the Commonwealth. The first, dated March 1, 2004, is entitled "Re: Problems at the Office of Chief Medical Examiner (Plaintiff's Exhibit 2); the second, also dated March 1, 2004, is entitled "Re: Organ Procurement: Procedures of Concern" (Plaintiff's Exhibit 4).

As set out in Defendant's Response to Plaintiff's Statement of Undisputed Facts and the Affidavits attached thereto, there are serious issues as to the motivation of the Plaintiff in writing either of those letters. Both were written after Plaintiff had committed transgressions that resulted in a February 25, 2004 notice of suspension. On March 1 and March 2 Plaintiff had then become involved in controversies with the OCME General Counsel and with Chief Administrative Officer John Cronin as a result of unprofessional conduct in connection with a case file and related e-mail correspondence with the District Attorney's Office. As evidenced by Plaintiff's own comments in an undated memo (but which came into John Cronin's hands on March 3, 2004), Plaintiff recognized that he was "in big trouble with the senior administrators..."

In addition, Plaintiff's questionable motivation may be inferred from the falsity of the information contained in his letter to the Governor marked as Exhibit 4. Plaintiff essentially contends that the publication of his refusal to approve the removal of organs from a patient not yet dead is one of the reasons that his contract with the OCME was terminated. As set out in the Affidavit of Kevin J. O'Connor attached to this Opposition as Exhibit 2, Plaintiff's description of events in connection with the patient in question is blatantly false. As discussed above,

motivation may be considered in the analysis of whether a matter is "of public concern;" and the falsity of Plaintiff's statements may be considered in determining Plaintiff's motivation.[1]

Defendant has not yet had the opportunity to depose the Plaintiff to inquire further into such motivations. The completion of discovery would afford Defendant the opportunity to develop a complete record to which the court could look in coming to its decision. Discovery and a more fully developed record to permit the Defendant a fair opportunity to oppose Plaintiff's allegations.

5.   In attempting to determine whether a constitutional violation has occurred, courts also examine the extent to which a Plaintiff has intended that his speech contributes to the public discourse. O'Connor, 994 F.2d at 914. Plaintiff contends he sought to generate public debate. See Brief in Support of Plaintiff's Motion for Summary Judgment, 7. Yet each and every one of Plaintiff's concerns had previously been raised by outside consultants in reports that were widely and publicly disseminated. See Aff. of John Cronin ¶¶14-15. Plaintiff was not contributing to public discourse, but merely repeating what already existed in the public commentary. Public debate on the matter existed prior to Plaintiff's letters and in no way was augmented or furthered by Plaintiff's communications to the Governor. These issues may be more properly addressed through the completion of ongoing discovery.

6.   Whether Plaintiff's speech was a matter of public concern is not ripe for decision.

---

[1] In addition, false statements may not constitute speech which is afforded First Amendment protection. See Wulf v. City of Wichita, 883 F.2d 842, 858, citing Pickering v.Bd. of Ed., 391 U.S. 563 at 574 (1968); see also, Moore v. City of Wynnewood, 57 F.3d 924, 932 (1995). The issue of the truth or falsity of the statements at issue is relevant, not only to the ultimate balancing required under Pickering, supra, but also to the threshold analysis of whether the matter is "of public concern" Wulf, supra, at 858, FN. 24.

Significant questions remain to the motivation, veracity and public benefit of Plaintiff's speech. Discovery continues and Defendant has yet to depose Plaintiff. Further discovery will produce the "whole record" demanded by the Court in Connick. 461 U.S. at 147. The plaintiff's motion is premature and inconsistent with a rational and proper application of the First Amendment test. Many of the issues discussed in public concern are equally relevant and crucial to a balancing inquiry; and the interest of justice and judicial economy are best served by approaching the First Amendment test as a whole.

      WHEREFORE Defendant respectfully requests that this Court deny the motion styled as Plaintiff's Motion for Partial Summary Judgment, filed with this Court on June 9, 2005.

Respectfully Submitted,
COMMONWEALTH OF MASSACHUSETTS

By its Attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Kelly
Jean M. Kelley, BBO #265540
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108-1598
(617) 727-2200 ext. 3327
jean.kelley@ago.state.ma.us

June 14, 2005