UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

|  |  |
|---|---|
| ABRAHAM PHILIP, MD | ) |
| Plaintiff, | ) |
| vs. | ) |
| JOHN CRONIN, in his personal capacity. | ) |
| Defendant. | ) |

## PLAINTIFF'S REQUESTED VOIR DIRE

The plaintiff submits the following proposal for voir dire.

### ATTORNEY VOIR DIRE

The plaintiff requests that the court permit the attorneys to conduct voir dire. In a case against a state agency, particularly one closely affiliated with law enforcement, a fair trial requires that the parties be permitted an opportunity to search for hidden biases and attitudes either favoring or disfavoring the state or the police. It is not realistic to believe that asking the "standard questions" will elicit meaningful answers that might shed light on the feelings and attitudes or potential jurors.

1
1

## VOIR DIRE QUESTIONS

1.  In this case, the plaintiff is bringing claims against the Office of the Chief Medical Examiner. This is a state agency located in Boston. The plaintiff claims that his employment with the Office of the Chief Medical Examiner was terminated because of two letters he wrote to the Governor. Both of these letters could be viewed as being critical of the Office of the Chief Medical Examiner. One of the letters raised questions about a particular medical procedure used by the New England Organ Bank and questioned the OCME's role in that procedure. The defendant says that Dr. Philip was fired, not for the letters, but because of other misconduct. The attorneys will tell you more about this case in just a little while.

1A.  Is there anything about what I have told you so far that gives any of you any feeling that you might tend to favor one side or the other?

2.  Do any of you work for a governmental agency, such as the State of Massachusetts, or a county, city, or town, or a police agency?

3.  Do any of you have a spouse who works for a governmental agency, such as the State of Massachusetts, or a county, city, or town?

4.  For those of you who work for a governmental body, or have a spouse who works for a governmental body, do you think you might tend to favor one side or the other in this case?

5.  During this case, I will instruct you that you must consider this case as a controversy between people of equal standing in the community. I will tell you that the plaintiff and the defendant are of equal worth and standing in the community. All people stand as equals before the law.

5A. Will the fact that the defendant was an employee of the State Police at the time of the events of this case affect your judgment of the character or the truthfulness of the people who are involved in this lawsuit?

5B. Do any of you believe that, on average, people who work for the State Police are more honest than other people?

5C. If two people you never met told you two radically different versions of an event, and one person was an employee of the State Police, would any of you tend to believe the State Police employee more than the other person?

6. This case concerns allegations that the plaintiff's First Amendment right of free speech was violated by the defendant. This case arises under the First Amendment of the Bill of Rights which is part of the Constitution of the United States of America. Is there anything in this set of circumstances that would make it difficult for you to decide this case fairly and impartially?

7. Would any of you have any hesitancy in reaching a verdict for Dr. Philip if the facts warrant such a verdict, just because this is a First Amendment, civil rights case against a person who works for a state agency?

8. Are any of you concerned that your taxes might go up if Dr. Philip were to win this lawsuit?

9. Would anyone require Dr. Philip to prove his case by anything more than a preponderance of the evidence [explain this concept], because he is charging an employee of a state agency with a violation of his constitutional rights under the First Amendment?

10. If, after hearing the evidence and my instructions of to you on the law, you found that the defendant violated Dr. Philip's rights under the First Amendment, would anything cause you to hesitate to make the defendant pay money damages to the plaintiff?

11. If you were selected as a juror in this case, do you know of any reason why you could not sit as an impartial juror?

12. Would it be embarrassing to anyone or to anyone's family if you sat on the jury in this case and the jury found the defendant liable?

13. Do any of you belong to any veterans' organizations?

14. In this case, Dr. Philip may ask you to make an award of punitive damages. [Explain punitive damages.] If you are convinced after the trial that the law would permit you to make an award of punitive damages for the plaintiff, is there anything that would make you reluctant to make such an award?

15. Do any of you recognize any of the lawyers in this case? [NOTE: Because of her involvement in *Commonwealth v. Woodward*, Attorney Sharp (both of them, actually, still get affirmative reactions to this question. On several occasions, Attorney Sharp has had potential jurors say they would be prejudiced.)

16. If you recognize any of the lawyers, do you have any feelings about the lawyer you recognize, one way or the other?

17. One of the letters that Dr. Philip wrote involved procedures used by the New England Organ Bank.

17A Have any of you ever received an organ transplant?

17B. Do any of you have relatives or family members, or a husband or wife who has received an organ transplant?

17C. Would any of you have any tendency to be influenced by the fact that Dr. Philip questioned some of the procedures used by the New England Organ Bank?

18. Dr. Philip was born in India. His wife, who will also testify in this case, was also born in India. Would this fact have any influence of any kind on any of you? Please be candid about this.

19. Will each of you give me your oath that you will not allow Dr. Philip's national origin to effect your judgment in any way?

Respectfully Submitted,

/s/ Daniel S. Sharp

_____
Daniel S. Sharp
Elaine Whitfield Sharp
Attorneys for Plaintiff
(BBO 565524)
196 Atlantic Avenue
Marblehead, MA  01945
781-639-1862

Certificate of Service

Daniel S. Sharp certifies that a copy of the document above was served by ECF on March 12, 2006 and in hand on counsel for all opposing parties on March 13, 2006 to:

Attorney Jean M. Kelly
Assistant Attorney General
One Ashburton Place
Boston, MA  02108-1598

/s/ Daniel S. Sharp
_____