UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

| | |
|---|---|
| ABRAHAM PHILIP, MD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN CRONIN, in his personal capacity. | ) |
| | ) |
| Defendant. | ) |

MOTION IN LIMINE TO PRECLUDE
INTRODUCTION BY DEFENDANT OF ANY
"BAD ACTS" OTHER THAN THOSE
ALLEGED AT DEFENDANT'S DEPOSITION

The plaintiff engaged in speech by writing two letters concerning the OCME and procedures used by the New England Organ Bank to Governor Romney and other persons. The speech was upon a "matter of public concern."

The plaintiff says he was fired in retaliation for that speech. Mr. Cronin said he was fired for other bad acts; not for speech. At his deposition, Mr. Cronin testified:

> Q: (By Mr. Sharp): So, you've mentioned so far correspondence with the district

1

attorney, and the signature – the bloody signature, we'll say for lack of a better phrase.  **Were there any other actions by Dr. Philip that contributed to the termination of his contract?**

A: (By Mr. Cronin): No, sir.

This testimony by the defendant was clear and unambiguous.  Mr. Cronin testified that there were no reasons for Dr. Philip's termination other than (1) e-mails to a district attorney (described in the deposition at pages 30 – 37 and attached as Exhibit 1) and (2) getting blood on a death certificate.

Given this testimony, if the defendant attempts to introduce into evidence any other "bad acts" by Dr. Philip, such evidence would be precisely that; "bad acts" evidence barred by FRE 404(b).

Logically, any other "acts" by Dr. Philip could only be "other" (bad) acts because Cronin clearly testified that nothing else entered into the termination decision.  ("Were there any other actions…. No, sir.")

While Rule 404(b) is used most often by the prosecution in criminal cases, it is applicable in both civil and criminal actions. Huddleston v. United States, 485 U.S. 681, 685, 99 L. Ed. 2d 771, 108 S. Ct. 1496 (1988).

A trial court's discretion to exclude evidence of prior bad acts under Rules 404(b) and 403 of the Federal Rules of Evidence can be appealed only for an abuse of discretion. United States v. Guyon, 27 F.3d 723, 729 (1st Cir. 1994).

In one instructive case, a senior associate attorney was fired from a law firm because of difficulty in meeting deadlines and getting along with fellow attorneys.  Evidence was offered

that the plaintiff-attorney had similar problems in a previous law firm. Admitting the evidence from the previous law firm was error under Rule 404 because it was admitted to prove that the plaintiff acted in conformity therewith. <u>Neuren v. Adduci, Mastriani, Meeks & Schill</u>, 43 F.3d 1507 (DC Cir. 1995).

In <u>Zenia v. District of Columbia</u>, 283 F.Supp 36 (DC Dist. 2003), an employer was offering documentary evidence pertaining to an employee's performance prior to July 1995 in order to prove that the employee was a bad employee *after* 1995 (much as the defendant in this case would use acts other than those in his deposition answers to prove his defense). The court held such evidence to be inadmissible under FRE 404(a), which does not permit introduction of evidence of person's character to prove that his behavior on one or more occasions was consistent with that character.

1. There is Another Reason to Exclude Evidence Beyond the Two Claimed Acts

 The defendant's pre-trial memo is also limited to the same two claims, stating:

> Defendant was justified in terminating Plaintiff's employment contract, based upon Plaintiff's inappropriate, unprofessional conduct relating to two separate incidents: first, the incident in which he, at the least, permitted a staff person at the OCME to be exposed to potentially dangerous blood products; and, second, the series of incidents involving his unprofessional comments to an Assistant District Attorney in the context of an ongoing homicide investigation, as well as his unprofessional handling of the file in that matter.

 (<u>See</u>, Pre-Trial Memo, pg. 10.)

Defendant-Cronin now wants to introduce a memo from Dr. Philip to co-workers. (<u>See</u>, Pre-Trial, Defendant's Exhibits, "Handwritten memo dated March 3, 2004 of Plaintiff to "Dear Friends and Technicians" (AGO-0042).") The purpose of introducing this letter is to show that

3

there were "other reasons" for firing Dr. Philip.  But this "other reason" cannot be squared with either (A) Mr. Cronin's testimony or (B) Mr. Cronin's Pre-Trial Memo or (C) the rule against "other bad acts" evidence.  This "other reason" would be a bad act not contemplated by Mr. Cronin's testimony or his Pre-Trial Memo.

The plaintiff cannot know what other "bad acts" the defendant intends to introduce.  Whatever that evidence (documentary or otherwise) may be should be excluded unless it bears directly upon the only two claims of misconduct made by Defendant-Cronin during his deposition and in his Pre-Trial Memo.

Any other acts would be substantially more prejudicial than probative for the same reasons.  Other acts would not be at all probative of the defendant's claimed reasons for terminating the plaintiff's employment.

## RELIEF REQUESTED

WHEREFORE, the plaintiff requests that the court bad evidence of any bad acts other than those claimed by Defendant-Cronin and his deposition and in his Pre-Trial Memo.

Respectfully Submitted,

/s/ Daniel S. Sharp

_____

Daniel S. Sharp
Elaine Whitfield Sharp
Attorneys for Plaintiff
(BBO 565524)
196 Atlantic Avenue
Marblehead, MA  01945

781-639-1862

Certificate of Service

Daniel S. Sharp certifies that a copy of the document above was served by ECF on March 12, 2006 and in hand on counsel for all opposing parties on March 13, 2006 to:

Attorney Jean M. Kelly
Assistant Attorney General
One Ashburton Place
Boston, MA  02108-1598

/s/ Daniel S. Sharp
_____