UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

|  |  |
|---|---|
| ABRAHAM PHILIP, MD | ) |
| Plaintiff, | ) |
| vs. | ) |
| JOHN CRONIN, in his personal capacity. | ) |
| Defendant. | ) |

MOTION IN LIMINE TO PRECLUDE
ANY REFERENCE, TESTIMONY, OR DOCUMENTS
CONCERNING ALLEGATIONS OF WORKPLACE VIOLENCE

The plaintiff moves, in limine, and pursuant to Rules 404(a) and (b) and Rule 403 that the defendant be barred from mentioning, referring to, or in any way using the issue of "workplace violence."  As reasons therefore, the plaintiff states:

1.      At some point during Mr. Philip's tenure at the OCME, an unknown person indicated to Mr. Cronin or some other OCME official that he or she had some sort of unspecified concern about potential violence by Dr. Philip.

2.      It is crucial to note that this person never claimed that Dr. Philip engaged in any

violence of any sort.

    3.    At his deposition, Mr. Cronin was shown the documents that were associated with this "workplace violence" issue. (See, Exhibit 1, pg. 40, lines 2 – 6.)

    4.    Mr. Cronin was asked whether "the event or events that are described in Exhibit 1 play a role in terminating Dr. Philip's employment?" (Exhibit 1, pg. 40.)

    5.    His answer was, "No." Id.

    6.    Given that this amorphous and unspecified "workplace violence" issue played no role in Dr. Philip's termination, that issue has no relevance to this case. Reference to the issue would implicate FRE 404(a) and 404(b).

    7.    Any reference of any kind to "workplace violence" would be extremely prejudicial, and should be excluded pursuant to FRE 403. The probative value of such evidence – which is none – would be "substantially outweighed by the danger of unfair prejudice." Id. "[T]he government's proposed questioning about prior violence or threats of violence … might raise serious questions under Rule 403's balancing test even if the rest of the testimony were admissible." United States v. Goldman, 41 F.3d 785, 788 (1st Cir. 1994). (See, United States v. Rosa, 705 F.2d 1375, 1377 (1st Cir. 1983) ("In Monahan, which concerned a threat of 'unspecified' harm and not a death threat, we reserved the question of whether an 'inflammatory or macabre' threat should be excluded under Rule 403. 633 F.2d at 985 (citing cases in other circuits holding that evidence of inflammatory threats tending to portray defendants as unusually violent is *extremely prejudicial and should be excluded*).") (Emphasis added.)

RELIEF REQUESTED

WHEREFORE, the plaintiff requests that the court exclude any and all reference to the "workplace violence" policy, or any fear of Dr. Philip being violent, with such exclusion to be zealously guarded against by counsel and the court.

Respectfully Submitted,

_____
Daniel S. Sharp (BBO 565524)
Attorney for Plaintiff
196 Atlantic Avenue
Marblehead, MA  01945
781-639-1862

Certificate of Service

Daniel S. Sharp certifies that a copy of the document above was served by ECF on March 12, 2006 and in hand on counsel for all opposing parties on March 13, 2006 to:

Attorney Jean M. Kelly
Assistant Attorney General
One Ashburton Place
Boston, MA  02108-1598

/s/ Daniel S. Sharp
_____