UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

|  |  |
|---|---|
| ABRAHAM PHILIP, MD | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| JOHN CRONIN, in his personal capacity. | ) |
|  | ) |
| Defendant. | ) |

MOTION IN LIMINE TO PRECLUDE
EVIDENCE OF DR. PHILIP'S MOTIVATION
FOR SPEECH BECAUSE MOTIVATION
<u>IS IRRELEVANT</u>

On 6/15/2005, pursuant to F.R.Civ.P. 56(a) and (d), the plaintiff moved for partial summary judgment on one of the pivotal issues in this case. That issue is whether Plaintiff-Dr. Philip engaged in speech related to "matters of public concern" before he was terminated from his employment with the Office of the Chief Medical Examiner (OCME). The motion was denied.

The motion was renewed as a motion *in limine*. The court granted that motion on March 13, 2006; the first day of trial.

A key part of the defendant's defense is that Dr. Philip was motivated to speak on matters

of public concern because, to paraphrase, he knew he was going to be fired any day and he wanted to "wrap himself in the First Amendment."

The fact is that Dr. Philip *did* cloak himself with the protections of the First Amendment when he engaged in public speech. One is – and *supposed to be* – cloaked in the First Amendment when engaged in speech upon a matter of public concern.

The general rule is that, "Whether an employee's speech addresses a matter of public concern must be determined by the content, **form, and context** of a given statement, as revealed by the whole record." Connick v. Myers, 461 U.S. 138, 147-148 (1983.) (Emphasis added.)

But the court has now determined, in accord with First Circuit precedent, that **form and context** need not be examined because the speech was clearly upon an issue of public concern.

> It is not always necessary, however, to examine the **form and context** of the expression…. Where a public employee speaks out on a topic which is clearly a legitimate matter of inherent concern to the electorate, **the court may eschew further inquiry into the employee's** *motives* as revealed by the "form and context" of the expression.
>
> Tripp v. Cole, 425 F.3d 5, 12-13 (1st Cir. September 2005); Baron v. Suffolk County Sheriff, 402 F.3d 225 (1st Cir. March 29, 2005); Mihos v. Swift, 358 F.3d 91, 102-103 (1st Cir. 2004), all quoting O'Connor v. Steeves, 994 F.2d 905, 913-914 (1st Cir. 1993). (Internal quotations omitted.) Jordan v. Carter, 428 F.3d 67, 73 (1st Cir. November 4, 2005). ("In some instances, the subject matter of the speech, alone, may resolve the public concern question.")

The reason for this rule is nearly self-evident. If one speaks on a matter of public concern, his or her reason for doing so doesn't make any difference. The First Amendment provides absolute protection (aside from time, place, and manner) for speech upon a matter of public concern. The motive, be it whether money, animosity toward a political candidate, right wing zealotry, or liberal ideology simply makes no difference. The speech, no matter what its

2

motive, is protected speech. For example, in <u>Baron</u>, the First Circuit held:

> The wrongdoing Baron complained of, including officers' violations of prison policy, retaliation for breaching the code of silence, and prison officials' failure to investigate or put a stop to that retaliation, affected not only Baron and his co-workers, but also the prison inmates who were under the Department's control. Accordingly, Baron's speech involved a "legitimate matter of inherent concern to the electorate," O'Connor, 994 F.2d at 913-14, and the district court properly "eschewed further inquiry into the employee's motives." Id. The Department's additional arguments regarding the form and context of Baron's speech are thus inapposite.
>
> <u>Baron</u>, at 402 F.3d 235.

Defendant-Cronin's defense on "speech of public concern" mirrors the defense put forward in <u>Baca v. Sklar</u>, 398 F.3d 1210, 1219 (10th Cir. 2005). There, the court held that:

> The record demonstrates that Baca raised allegations of discrimination and retaliation to undermine Sklar's accusations against Baca, and not to publicly disclose illegal behavior. As such, Baca's statements regarding discrimination and retaliation pertained to a "personal dispute[] and grievance[] unrelated to the public's interest," Lighton, 209 F.3d at 1224, and therefore do not merit First Amendment protection.
>
> <u>Baca</u>, at 398 F.3d 1219.

In a case like <u>Baca</u>, the employee's motives are examined to see if the speech was speech on a matter of public interest or, alternatively, a "cover" for a "personal dispute[] and grievance[] unrelated to the public's interest." In that kind of case, the employee's motives are critically relevant *on the subject of whether the speech is of public concern*. The examination of motive in such a case is necessarily focused on the "**form and context"** in which the speech takes place.

But once it is determined that the speech is on a subject of public concern, form and context becomes irrelevant because all speech of public concern is protected. "Because the 'subject matter' of [the plaintiff's] expressive conduct was not 'only marginally related to issues

of public concern,' Johnson, 48 F.3d at 425, his motives for providing assistance to Stephens are of no relevance to the public concern inquiry." <u>Alpha Energy Savers Inc. v. Hansen</u>, 381 F.3d 917 925-926 (9th Cir. 2004). see also <u>Brasslet v. Cota</u>, 761 F.2d 827, 844 n.14 (1st Cir. 1985) (affording no apparent consideration to public employee's motives where fire chief's public commentary on fire protection plainly qualified as a matter of inherent public concern).

Because Dr. Philip's motivation for his speech has been rendered irrelevant, the court should bar further commentary, testimony, or other evidence on the subject as (1) not relevant, (2) likely to cause jury confusion, and (3) substantially more prejudicial than probative.

Further an instruction as to the defendant's opening statement may be in order.

## RELIEF REQUESTED

For the reasons of fact and law set forth in this brief, the plaintiff requests that the court:

(1) bar further evidence or commentary upon Dr. Philip's motivation for speech on a matter of public concern;

(2) consider a corrective instruction on the defendant's opening statement.

Respectfully Submitted,

/s/ Daniel S. Sharp

_____

Daniel S. Sharp
Elaine Whitfield Sharp
Attorneys for Plaintiff
(BBO 565524)
196 Atlantic Avenue
Marblehead, MA  01945
781-639-1862

Certificate of Service

Daniel S. Sharp certifies that a copy of the document above was served by ECF on March 14, 2006 and in hand on counsel for all opposing parties on March 14, 2006 to:

Attorney Jean M. Kelly
Assistant Attorney General
One Ashburton Place
Boston, MA  02108-1598

/s/ Daniel S. Sharp
_____