UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

| | |
|---|---|
| ABRAHAM PHILIP, MD | ) |
| Plaintiff, | ) |
| vs. | ) |
| JOHN CRONIN, in his personal capacity. | ) |
| Defendant. | ) |

MOTION IN LIMINE TO EXCLUDE
EXPERT TESTIMONY OF K.J. O'CONNOR

The plaintiff moves to exclude the expert testimony of Kevin J. O'Connor. As it is understood by plaintiff's counsel, the purpose of Mr. O'Connor's testimony is to refute Dr. Philip's contention that the organ harvesting procedure to which "Joshua" (or his body, depending upon one's point of view) was a questionable medical procedure during January of 2004.

Presumably, Mr. O'Connor would testify that (1) the "DCD" procedure that Dr. Philip questioned was generally accepted (at least in Boston), (2) Dr. Philip should have known of the procedure, and (3) Dr. Philip was an impediment to the disputed organ harvest.

There are at least two reasons why this testimony should not be allowed.

1

First, it would not be helpful to the jury. The defendants are going to call Dr. Evans. Dr. Evans can testify as to whether the DCD procedure was accepted in Massachusetts. There is simply no need for another expert.

Second, whether Dr. Philip was right or wrong does not matter. The court has already determined that he spoke on a matter of public concern. The First Circuit has held:

> [T]he mere fact that the statements were erroneous does not remove them from the Constitution's protection; erroneous remarks are an inevitable by-product of unrestrained public debate. To deny protection to false statements negligently made would chill discourse altogether. Gertz v. Robert Welch, Inc., 418 U.S. 323, 340-41, 41 L. Ed. 2d 789, 94 S. Ct. 2997 (1974). Under *Pickering*, therefore, erroneous statements of public concern will be protected unless they are shown to have interfered with the employee's performance or the regular operation of his governmental agency. Pickering, 391 U.S. at 572-73; Santos v. Miami Region, U.S. Customs Serv., 642 F.2d 21, 25 (1st Cir. 1981).
>
> Brasslett v. Cota, 761 F.2d 827, 841 (1st Cir. 1985); (See, Johnson v. Multnomah County, 48 F.3d 420, 423-24 (9th Cir. 1995) (same); American Postal Workers v. United States Postal Service, 830 F.2d 294, 305-306 (D.C. Cir., 1987)(same).

The court has already jettisoned the Pickering analysis in favor of a finding that the speech was protected. The court was perfectly right in doing so. Tripp v. Cole, 425 F.3d 5, 12-13 (1st Cir. September 2005); Baron v. Suffolk County Sheriff, 402 F.3d 225 (1st Cir. March 29, 2005); Mihos v. Swift, 358 F.3d 91, 102-103 (1st Cir. 2004), O'Connor v. Steeves, 994 F.2d 905, 913-914 (1st Cir. 1993); Jordan v. Carter, 428 F.3d 67, 73 (1st Cir. November 4, 2005).

The question in this case is not whether Dr. Philip was right or wrong. The only questions are (1) whether he was fired for speech and (2) whether the OCME would have done so regardless of the speech. On the record, Dr. Philip's actions relating to the organ harvesting were not part of the decision to terminate him. (See, testimony of Cronin, J., Defendant.)

It was only his speech on the NEOB matter that caused his termination. Whether that

speech was in error does not matter.

## RELIEF REQUESTED

WHEREFORE, the plaintiff moves that Mr. O'Connor's expert testimony be precluded.

          Respectfully Submitted,

          /s/ Daniel S. Sharp

          _____

          Daniel S. Sharp
          Elaine Whitfield Sharp
          Attorneys for Plaintiff
          (BBO 565524)
          196 Atlantic Avenue
          Marblehead, MA  01945
          781-639-1862

## Certificate of Service

Daniel S. Sharp certifies that a copy of the document above was served by ECF on March 15, 2006 and in hand on counsel for all opposing parties on March 16, 2006 to:

Attorney Jean M. Kelly
Assistant Attorney General
One Ashburton Place
Boston, MA  02108-1598

          /s/ Daniel S. Sharp

          _____