"FILED IN OPEN COURT"
3-16-06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 04-CV-11069-JLT

| | |
|---|---|
| ABRAHAM PHILIP, MD | ) |
| Plaintiff, | ) |
| v. | ) |
| JOHN CRONIN, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR A DIRECTED VERDICT**

Defendant, John Cronin, hereby moves that this Court direct a verdict in his favor with respect to all counts of the Plaintiff's Amended Complaint. As grounds for this motion, Defendant states that:

1. <u>COUNT I - FIRST AMENDMENT CLAIM</u>: As set out in Plaintiff's Amended Complaint, Plaintiff's trial testimony, and the other evidence presented at trial, Plaintiff does nothing more than make conclusory allegations that he wrote two letters to the Governor and that he was subsequently terminated. As a matter of law, this does not constitute evidence from which a jury reasonably may infer that Plaintiff's constitutionally protected conduct ... was a 'substantial' or 'motivating' factor behind his dismissal. Indeed, the evidence adduced by Plaintiff at trial merely suggests, at best, only the temporal proximity of the events, not any causal link.

In addition, based upon Defendant's trial testimony and the other evidence entered into the record, Defendant was justified in terminating Plaintiff's employment for reasons

*[handwritten: Allowed essentially for reasons covered in def's accompanying memo. — Tauro U.J. 3/16/06]*

contract, due to upon Plaintiff's inappropriate, unprofessional conduct relating to two separate incidents. The decision to terminate Dr. Philip's contract would have been made, whether or not he communicated with the Governor.

The Defendant enjoys qualified immunity with respect to plaintiff's First Amendment claims. The evidence at trial demonstrates that the contract was terminated due to the upon Plaintiff's inappropriate, unprofessional conduct. Further, the decision to terminate the contract was made collaboratively by the Defendant, the Chief Medical Examiner and Defendant's superiors at the Executive Office of Public Safety. After meeting with those persons, Defendant did not believe that it was within his discretion not to terminate Plaintiff's contract, but, rather, that it was his duty to carry out the decision. Defendant reasonably believed 'on the facts' that no violation of Plaintiff's rights existed.

The court should direct a verdict that punitive damages cannot be awarded to Plaintiff because, as a matter of law, the Plaintiff did not prove that the Defendant acted with a conscious perceived risk that he would violate the plaintiff's constitutional rights.

2. COUNT II - INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS. Defendant is entitled to a directed verdict on Count II where defendant was acting as an agent of the commonwealth in participating in the decision to terminate plaintiff's contract; and where plaintiff has not demonstrated actual malice on the part of the defendant.

3. COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. Based on the evidence submitted at trial, the plaintiff has not, as a matter of law, met his burden with respect to his claim for intentional infliction of emotional distress.

A memorandum of law in support this motion is enclosed herewith.

Respectfully Submitted,
DEFENDANT JOHN CRONIN,
By his Attorneys,
THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Jean M. Kelley*

Jean M. Kelley, BBO #265540
Brian M. Donovan, BBO #650551
Assistant Attorney General
Office of The Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200 x 3327
jean.kelley@ago.state.ma.us
brian.donovan@ago.state.ma.us

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on counsel of record for the plaintiff by hand on March ___, 2006.

Daniel S. Sharp
Elaine Whitfield Sharp
Attorneys for Plaintiff
196 Atlantic Avenue
Marblehead, MA 01945

s/ Brian M. Donovan
Brian M. Donovan
Assistant Attorney General
brian.donovan@ago.state.ma.us
